UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:25-cv-00312-SPM |
| ) | |
| MV TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Cedric Greene has filed a civil complaint against MV Transportation to assert claims based on incidents that occurred in California in December 2024 and January 2025. He has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. The Court has considered the Application, and will grant it. The Court has also reviewed the complaint, and finds that venue is improper and transfer is not in the interests of justice. The Court will therefore dismiss this action without prejudice. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Review of this Court's publicly-available records shows that Greene has filed 13 cases in forma pauperis since March 5, 2025. To date, 7 of those cases have been dismissed, either for want of jurisdiction[1] or improper venue.[2] This is not the only judicial district in which Greene has filed multiple cases. In January 2024, the United States Court of Federal Claims estimated

---

[1] *See Greene v. Rite Aid – Culver City*, No. 4:25-cv-300-SRW (E.D. Mo.) (filed Mar. 10, 2025; dismissed Mar. 27, 2025); *Greene v. 430 S. Los Angeles St., LLC*, No. 4:25-cv-341-RWS (filed Mar. 19, 2025; dismissed Mar. 31, 2025).

[2] *See Greene v. Weingart Care First Village*, No. 4:25-cv-304-RWS (filed Mar. 11, 2025; dismissed Mar. 31, 2025); *Greene v. Access Servs. Inc.*, No. 4:25-cv-334-SPM (filed Mar. 18, 2025; dismissed Mar. 28, 2025); *Greene v. Weingart Care First Village*, No. 4:25-cv-366-SRW (filed Mar. 22, 2025; dismissed Mar. 31, 2025); *Greene et al. v. Weingart Care First Village*, No. 4:25-cv-00385-JSD (filed March 26, 2025; dismissed April 8, 2025); *Greene v. LA Care Health Plan*, No. 4:25-cv-413-RHH (filed Mar. 30, 2025; dismissed Mar. 31, 2025).

that Greene had filed more than three hundred cases in federal courts across the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024). Other federal circuit and district courts have imposed filing restrictions on Greene. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada).

In the instant complaint, Greene indicates he proceeds on behalf of himself and Valerie Stephen. He identifies himself and Stephen as California residents. He states the Defendant's "corporate office is based in Texas, but they were driving Dash Bus number 13318, in California on December 10, 2024, and their misconduct occurred at the Bus Stop's intersection of Washington and Crenshaw." (ECF No. 1 at 5). Greene claims he and Stephen encountered difficulties after they boarded the bus with a rolling cart. Greene also claims that on January 7, 2025, the same bus driver "at the exact bus location intersection" called him a "bitch" in front of Stephen. *Id.* at 6.

Referencing "[t]he Seventh Circuit Sanction Order of February 21, 2025," Greene states he is asking "the Missouri federal venue to permit the case the opportunity to proceed on behalf of Greene and spouse Valerie Stephen." *Id.* After filing the complaint, Greene filed a document in which he notes filing restrictions imposed upon him and asks that this case proceed in this judicial district. Referring to himself and Stephen, he writes: "The couple can't be called forum shoppers when others don't wish to offer transfer relief." (ECF No. 3 at 3).

## Discussion

This action may be brought in: (1) a judicial district in which any defendant resides, if all

2

defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. 28 U.S.C. § 1391(b). None of those requirements are present here. As a result, venue does not lie in this judicial district.

This Court must therefore dismiss this action, or if it is in the interests of justice, transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a). Here, Greene indicates he is filing this case in this judicial district to avoid the consequences of filing restrictions imposed elsewhere; he has apparently abused the judicial process in other federal circuit and district courts; and he has begun repeatedly filing cases in this judicial district. The Court concludes that transfer is not in the interests of justice and will therefore dismiss this action pursuant to 28 U.S.C. § 1406(a). The Court cautions Greene to stop abusing the judicial process in this judicial district, as doing so may result in the imposition of filing restrictions. Finally, the Court finds there would be no non-frivolous basis to argue that this case should not be dismissed for lack of proper venue, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 9th day of April, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE